IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

SANTO BROOKS,  )
  )
    Movant,  )
  )    Civ. No. 16-1166-JDT-egb
VS.  )    Crim. No. 98-10053-JDT-2
  )
UNITED STATES OF AMERICA,  )
  )
    Respondent.  )

ORDER GRANTING MOTION TO FILE SUPPLEMENTAL MEMORANDUM,
DENYING EMERGENCY MOTION TO COMPEL RESPONSE,
DENYING MOTION PURSUANT TO 28 U.S.C. § 2255,
DENYING CERTIFICATE OF APPEALABILITY,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Before the Court is a motion pursuant to 28 U.S.C. § 2255 filed by the Movant, Santo Brooks. For the reasons stated below, the Court DENIES the § 2255 motion.

On April 20, 1999, a federal grand jury returned a fifteen-count superseding indictment against Brooks and six co-defendants. Brooks was charged in nine of the fifteen counts, but on September 15, 1999, he entered a guilty plea to conspiracy to obstruct, delay and affect interstate commerce by robbery (Hobbs Act robbery) in violation of 18 U.S.C. § 1951 (count one) and to willfully causing others to use and carry firearms during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (count four). At a hearing on October 14, 1999, Brooks was sentenced to twenty-five years in prison.[1] Judgment was entered on October 18, 1999. Brooks

---

[1] Brooks was sentenced to a twenty-year term of imprisonment for the Hobbs Act robbery and a consecutive five-year term on the § 924(c) charge.

did not appeal. This § 2255 proceeding was filed on June 17, 2016. (ECF No. 1.) Brooks subsequently filed a motion for leave to file a supplemental memorandum. (ECF No. 5.) Leave to file the supplemental memorandum is GRANTED. However, because the § 2255 motion is being denied, Brooks's emergency motion to compel a response from the United States (ECF No. 6) is also DENIED.

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).

After a § 2255 motion is filed, it is reviewed by the Court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing § 2255 Proceedings (§ 2255 Rules). "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.*

The sole issue raised in Brooks's § 2255 motion is whether his sentence is unconstitutional under *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated a portion of the Armed

2

Career Criminal Act (ACCA), 18 U.S.C. § 924(e). The ACCA requires a fifteen-year sentence for a felon who is convicted of unlawfully possessing a firearm in violation of 18 U.S.C. § 922(g) and who has three prior convictions "for a violent felony or a serious drug offense, or both." *Id.* § 924(e)(1). A "violent felony" is defined in the ACCA as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another," (2) "is burglary, arson, or extortion, involves use of explosives," or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* § 924(e)(2)(B)(i)-(ii). The last part of that definition is commonly referred to as the "residual clause." In *Johnson* the Supreme Court held the ACCA's residual clause was unconstitutionally vague and that increasing a defendant's sentence under the clause was, therefore, a denial of due process. 135 S. Ct. at 2563. The Supreme Court later held the decision in *Johnson* was retroactive and thus applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016).

Brooks was not convicted of a violation of 18 U.S.C. § 922(g) or sentenced under the ACCA. Instead, he contends his five-year consecutive sentence for violating 18 U.S.C. § 924(c) is unlawful because the Supreme Court's decision in *Johnson* requires the conclusion that the residual definition of "crime of violence" in 18 U.S.C. § 924(c)(3) is also unconstitutionally vague. The challenged portion of the statute provides that a "crime of violence" is a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3)(B).

While the ACCA's residual definition of "violent felony" and § 924(c)(3)(B)'s residual definition of "crime of violence" are indeed similar, Brooks's argument is foreclosed by the

3

decisions in *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016), and *Shuti v. Lynch*, 828 F.3d 440, 449-50 (6th Cir. 2016). In *Taylor*, the Sixth Circuit considered the precise issue raised in this case and held that the Supreme Court's ruling in *Johnson* does not require also invalidating the residual definition of a "crime of violence" in § 924(c)(3)(B). 814 F.3d at 375-79.

In *Shuti*, the Sixth Circuit considered whether the residual definition of a "crime of violence" in 18 U.S.C. § 16(b), as incorporated into the Immigration and Nationality Act (INA), 8 U.S.C. § 1101(a)(43)(F), is unconstitutionally vague after the decision in *Johnson*. That residual definition is identical to the one in 18 U.S.C. § 924(c)(3)(B). The Sixth Circuit held that *Johnson* compelled the conclusion that the INA's use of that definition was also void for vagueness. *Shuti*, 828 F.3d at 450-51. In *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), the Supreme Court agreed, affirming the Ninth Circuit's similar holding.

In his supplemental memorandum, Brooks relies on *Shuti* to further support his § 2255 motion. However, even though the residual definitions of "crime of violence" in the INA and in 18 U.S.C. § 924(c)(3)(B) are the same, *Shuti* is of no help to Brooks and actually bolsters *Taylor*'s holding that § 924(c)(3)(B) is constitutional. In *Shuti*, the Sixth Circuit explained:

> [W]e find *Taylor* wholly consistent with our conclusion. . . . because the statute at issue in *Taylor* is a criminal offense and "creation of risk is an element of the crime." *See Johnson*, 135 S. Ct. at 2557. As the *Johnson* Court determined, no doubt should be cast upon laws that apply a qualitative risk standard to *"real-world facts* or *statutory elements." See id.* at 2257, 2561 (emphasis added). Unlike the ACCA and INA, which require a categorical approach to stale predicate convictions, 18 U.S.C. § 924(c) is a criminal offense that requires an ultimate determination of guilt beyond a reasonable doubt—by a jury, in the same proceeding. This makes all the difference. . . .

*Shuti*, 828 F.3d at 449.

Furthermore, even if the residual definition of "crime of violence" in § 924(c)(3)(B) were unconstitutional, Brooks's § 2255 motion would be denied. The violent felony on which Brooks's § 924(c) conviction is based, Hobbs Act robbery, is defined as robbery accomplished "by means of actual or threatened force, or violence, or fear of injury, immediate or future." 18 U.S.C. § 1951(b)(1). In *United States v. Gooch*, 850 F.3d 285 (6th Cir. 2017), the Sixth Circuit held that § 1951 is a divisible statute and that Hobbs Act robbery "clearly 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another' as necessary to constitute a crime of violence under § 924(c)(3)(A)." *Id.* at 291-92. Therefore, because Brooks's Hobbs Act robbery conviction falls under the elements clause instead of the residual clause of § 924(c)(3), his § 924(c) conviction would still be valid.

For the foregoing reasons, the Court finds that Brooks's arguments are not well taken. His § 2255 motion and the entire record in this case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), § 2255 Rules. A response from the United States is not necessary. Accordingly, the § 2255 motion is DENIED.

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability (COA) "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

A COA may issue only if the movant has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue(s) which satisfy the required showing. 28 U.S.C. §§ 2253(c)(2)-(3). A "substantial showing" is made when the movant

demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011) (same). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

The issue raised in this § 2255 motion is not debatable for the reasons stated. Therefore, the Court DENIES a certificate of appealability.

In order to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the $505 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, a movant must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 951-52 (6th Cir. 1997). Rule 24(a) provides that if the district court certifies an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file his motion to proceed *in forma pauperis* in the appellate court instead of the district court. *See* Fed. R. App. P. 24(a)(4)-(5).

For the same reasons the Court denies a certificate of appealability, the Court also CERTIFIES, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Brooks would not be taken in good faith. Therefore, leave to appeal *in forma pauperis* is DENIED. Accordingly, if Brooks files a notice of appeal, he must also pay the full $505 appellate

filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                              s/ **James D. Todd**
                                              JAMES D. TODD
                                              UNITED STATES DISTRICT JUDGE